UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENYON L. JOSEPH CASTELLANO,  :
    Plaintiff,  :
                              :           PRISONER
    v.  : Case No.: 3:07cv1447(AWT)
                              :
JEFFREY McGILL, et al.,  :
    Defendants.  :

**RULING ON PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION**

Plaintiff Kenyon L. Joseph Castellano brings this civil rights action against defendants Jeffrey McGill, Dr. Carson Wright, Dr. Henry Fedus, M. Castro, Dr. Mark Buchanan, Brian Hicock, Patricia Ottolini, Darol Little, Scott Salius and Barbara Savoie. He alleges that the defendants did not provide proper medical care at Northern Correctional Institution. The plaintiff has filed two motions for a preliminary injunction. In the first, he seeks an order that he be provided a knee brace and special orthopedic shoes and insoles. In the second motion, Castellano seeks these items and an examination by an independent physician. For the reasons that follow, both motions are being denied.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (emphasis,

internal quotation marks and citation omitted).  Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."  <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.  <u>Id.</u>

"A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied."  <u>Time Warner Cable, Inc. v. DIRECTV, Inc.</u>, 497 F.3d 144, 152-53 (2d Cir. 2007).  If a party seeks a mandatory injunction, *i.e.*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a higher standard.  "[I]n addition to demonstrating irreparable harm, '[t]he moving party must make a clear or substantial showing of a likelihood of success' on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against government."  <u>D.D. ex rel. V.D. v. New York City Bd. of Educ.</u>, 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted).

2

Although a hearing is generally required on a properly supported motion for a preliminary injunction, oral argument and testimony are not required in all cases. <u>Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations,</u> 107 F.3d 979, 984 (2d Cir.1997). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., <u>Moore's Federal Practice</u> ¶ 65.04[3] (2d ed. 1995). After a review of the record here, the court concludes that oral testimony and argument are not necessary in this case.

To warrant preliminary injunctive relief, Castellano must show a likelihood of success on the merits of a claim, that is, he must show that one or more of the defendants were deliberately indifferent to his medical needs. Deliberate indifference by prison officials to a prisoner's serious medical or mental health need constitutes cruel and unusual punishment in violation of the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To prevail on such a claim, Castellano must provide evidence of "acts or omissions sufficiently harmful to evidence deliberate indifference" to his serious medical needs. <u>Id.</u> at 106. He must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by

3

prison personnel.  Id. at 104-05.

Mere negligence will not support a section 1983 claim; "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law."  Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003).  Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation," id.; rather, the conduct complained of must "shock the conscience" or constitute a "barbarous act."  McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)).  Inmates do not have a constitutional right to the treatment of their choice.  Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986).  Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment.  "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."  Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

There are both subjective and objective components to the deliberate indifference standard.  Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).  The alleged deprivation must be "sufficiently serious" in objective terms.  Wilson v. Seiter, 501

U.S. 294, 298 (1991). "[A] condition of urgency, one that may produce death, degeneration, or extreme pain" must exist. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotations and citations omitted). Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

In support of his motion seeking a leg brace and special insoles, Castellano provides voluminous exhibits showing that he was prescribed a leg brace and special insoles or arch supports in the past. For example, a podiatrist provided him a knee brace in December 1997 and again from February 2000 through August 2000. Doc. #28, Ex. F-4 at 3, F-1-5 at 3. On February 28, 2000, however, Castellano returned the knee brace and reported that he wanted to concentrate on strengthening his knee. Doc. #28, Ex F-4 at 14. In October 2000, the podiatrist prescribed a heel pad to be used for six months and directed Castellano to avoid all sports for the same period. Doc. #28, Ex. F-4 at 19. He also issued Castellano special insoles in 2003, 2004 and 2005 and an arch cushion in 2006. Doc. #28, Ex. F-4 at 30, 35, 37, 43. Contrary to Castellano's assertion, the podiatrist never approved special shoes. Doc. #37, Ex. H.

By November 2006, however, Castellano had been transferred

5

to a non-ambulatory facility. As he has been confined to his cell for twenty-three hours per day since November 2006, the podiatrist determined that a leg brace, special shoes, insoles or arch supports were not medically necessary. Castellano was advised to avoid traumatic activity, such as running in place or doing jumping jacks as that would aggravate his symptoms. Doc. #28, Ex. F-4 at 45; Doc. #37, Ex. E & G. Castellano has not followed the podiatrist's recommendations to avoid traumatic activity. Doc. #37, Ex. F.

To obtain injunctive relief in the form of an order that he be provided a leg brace, special footwear, special insoles and arch supports, Castellano must show that he will suffer irreparable harm should the motion be denied. Castellano has provided no medical evidence showing that these items currently are medically necessary. Instead, the evidence submitted by Castellano and the defendants shows that the items are not currently required. Thus, Castellano has not shown that he is likely to prevail on the merits of his claim or that he will suffer irreparable harm if the motion is being denied. The motion for preliminary injunctive relief regarding the knee brace, special shoes, insoles and arch supports is denied.

In his second motion, Castellano states that he suffers from internal bleeding as a result of taking Motrin, 800 mg., and asks the court to order that he be examined by an outside physician.

6

He also asks the court to order an orthopedic examination, special insoles and proper footwear.  Castellano provides no medical evidence suggesting that he requires an orthopedic consultation or special insoles or footwear.  Thus, those requests are being denied for the reasons stated above.

The defendants contend that, because the cause of the bleeding is known, it can be treated by correctional physicians and Castellano's prescription can be changed to avoid recurrence of the bleeding.  Castellano provides no evidence suggesting that his condition cannot be properly treated by correctional physicians.  His preference for examination by another physician is insufficient to demonstrate deliberate indifference to his condition.  Thus, the court concludes that Castellano fails to show a likelihood of success on the merits of this claim and also fails to show that he will suffer irreparable harm should the motion be denied.

Accordingly, Castellano's motions for preliminary injunction [**Docs. ##28 & 34**] are hereby **DENIED**.

**SO ORDERED** this 21st day of October 2008, at Hartford, Connecticut.

                                                    /s/AWT
                                     Alvin W. Thompson
                            United States District Judge